IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| ANTHONY BLISSIT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 16-2155 |
| WILLIAM J. COWAN | ) | |
| Defendant | ) | |

ORDER

On March 1, 2017, William Cowan and his attorney and the Plaintiff attended a settlement conference conducted by the Hon. Magistrate Judge Jonathan Hawley.

At the conclusion of the settlement conference, the parties announced the agreement to settlement in open court.

Magistrate Hawley went over the terms of the settlement agreement with both parties. The relevant portion, with the plaintiff, is as follows:

> THE COURT: Took a short break. I talked to Mr. Blissit outside the presence of defendant's counsel. I think the issue is cleared up, but I want to restate is it so that we are clear. So the material terms of the settlement are that defendant pays $900 to the defendant's wife within three weeks. They will send a release to Mr. Blissit to sign which will allow them to then cut the check. They will contact the State of Illinois and ask them to waive whatever lien they may have on the funds. They do not have control over what the State of Illinois will do, but they will ask. I will, because of the settlement, number one, waive, effective immediately, any remainder that is due on the filing fee in this case, and we will notify Illinois River of that fact so that they do not make further withdrawals from your account on that. And then finally pursuant to local Rule 16.1 because the case is reported settled the case would be dismissed without prejudice with leave to reopen within 35 days if the settlement is not finalized within that period. Either -- a party can either move to reopen the case if the terms of the settlement are not completed or can move to extend the period of time for reopening it if there is still things to be done and everybody is in agreement on that. If nobody files anything within those 35 days, and the terms of the agreement are fulfilled, then no other documents need to be filed with the Court, and after the passing of that 35 days, the case will be deemed a dismissal with prejudice meaning that the case is finally over for all time. So, having gone through all of that, Mr. Blissit, are those the terms of the settlement agreement as you understand them.
> MR. BLISSIT: Yes, Your Honor.
> THE COURT: And Mr. Krchak, are those the terms of the settlement agreement as you understand them?
> MR. KRCHAK: Yes.
> THE COURT: So I will ask you first Mr. Blissit, I know that you don't have an attorney here so I talked to you without an attorney. I know your wife was here during our conversations. Let me ask you, do you feel in any way pressured, threatened, coerced in any way to agree to these terms either by me, your wife, or anyone else?

    MR. BLISSIT: No, Your Honor.
    THE COURT: Okay. And are you entering into this agreement of your own free will.
    MR. BLISSIT: Yes, Your Honor.
    THE COURT: And do you understand the settlement agreement is binding as of today, so that means that as long as everybody does what they say they are going to do here, the settlement agreement is binding and you can't go home and change your mind as long as everybody does within the time period we said what they were going to do. Do you understand that?
    MR. BLISSIT: Yes, Your Honor.
    THE COURT: And Mr. Cowan, I would ask you the same question. I know that you have counsel; has anyone threatened, forced, or coerced you in anyway to agree to the terms of this settlement agreement?
    MR. COWAN: No, Your Honor.
    THE COURT: Are you entering into this agreement of your own free will?
    MR. COWAN: Yes.
    THE COURT: And as I stated before, you understand that the settlement agreement is binding as of today, and that as long as everybody fulfills the obligations, which they have agreed to as to the material terms here today, that you cannot withdraw from the settlement agreement?
    MR. COWAN: Yes, Your Honor.

On March 13, 2017, Plaintiff Blissit filed a document to withdraw the settlement, stating that he has spoken with "several civil attorneys" who advise that Blissit settled for less than he should have. On March 14, 2017, Defendant Cowan filed his response and Motion to Compel settlement.

This order follows.

Generally, before a court will enforce a settlement agreement, the "traditional elements of a contract must be met. The parties will be bound by the agreement if there is clearly an offer to compromise, an acceptance, and a meeting of the minds as to the terms of the agreement." *Caliber Packaging, Inc. v. Szot,* No 97 C 2975, 1999 WL 409774, at *2 (N.D. Ill. June 7, 1999) (citing *Fidelity Mut. Life Ins. Co. v American Nat'l Bank & Trust Co.,* No 93 C 2851, 1994 WL 14639, at *2 (N.D. Ill. Jan 20, 1994)).

"A settlement agreement is a contract and as such, the construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally." *Laserage Technology v. Laserage Laboratories,* 972 F.2d 799, 802 (7th Cir.1992). Oral settlement agreements are enforceable "as long as there is clearly an offer and acceptance of the compromise and a meeting of the minds as to the terms of the agreement." *Wilson v. Wilson,* 46 F.3d 660, 666 (7th Cir.1995); *Herron v. City of Chicago,* 618 F.Supp. 1405, 1409 (D.C.Ill.1985).

During the March 1, 2017, settlement conference the parties agreed to settle all claims in the instant action for $900.00 payable to Brittany Bell, wife of Anthony Blissit. Blissit himself, after discussions, agreed to this settlement and stated his agreement after questioning by the court that no one had pressured him, threatened him or coerced him and that he was entering into the agreement of his own free will. He further acknowledged that the settlement would be binding upon him. Blissit's wife was also present for the settlement conference. The court

therefore finds that a legally binding settlement contract was made based on the what each of the parties, including Blissit, expressed to each other and the court on March 1, 2017.

Blissit does not state any facts to indicate that the agreement was made by mistake, fraud, duress, undue influence, or any factor that warrants setting aside the settlement agreement. In fact he doesn't even allege that, instead simply saying that "several civil attorneys" told him he settled for less than he should have. In this case, it is clear that there was a meeting of the minds as to the terms of the agreement.

Accordingly, the court grants defendant's motion to enforce the terms of the March 1, 2017, agreement. The Defendant has tendered a proposed release of all claims. In the event the Plaintiff refuses to sign off, the court adopts the release as part of this order enforcing the settlement.

| March 15, 2017 | s/ James E. Shadid |
|---|---|
| Date | James E. Shadid |
| | Chief United States District Judge |